Opinion by KINCHELOE, J. In accordance with stipulation of counsel and on the authority of United States v. Penn (27 C. C. P. A. 242, C. A. D. 93) the claim at 90 percent under paragraph 1529 (a) was sustained.

BEFORE THE THIRD DIVISION, JANUARY 10, 1941

No. 45155.—Protests 37876–K, etc., of Santo Alioto & Sons et al. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of Locatelli v. United States (T. D. 48284) it was held that an allowance of 2½ percent should have been made in the weight of the cheese to compensate for the inedible coverings.

No. 45156.—Protests 39153–K, etc., of Schroeder Bros. et al. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of Locatelli v. United States (T. D. 48284) it was held that an allowance of 2½ percent should have been made in the weight of the cheese to compensate for the inedible coverings.

No. 45157.—Protests 39752–K, etc., of Chicago Macaroni Co. of New York et al. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of Locatelli v. United States (T. D. 48284 and T. D. 49302) it was held that an allowance of 2½ percent should have been made in the weight of the cheese to compensate for the inedible coverings.

No. 45158.—Protests 43779–K, etc., of Moosalina Products Corp. et al. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of Locatelli v. United States (T. D. 49302) it was held that an allowance of 2½ per cent should have been made in the weight of the cheese to compensate for the inedible coverings.

No. 45159.—Protests 45619–K, etc., of J. Ossola Co., Inc., et al. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of Locatellⁱ v. United States (T. D. 49302) it was held that an allowance of 2½ percent should have been made in the weight of the cheese to compensate for the inedible coverings.

No. 45160.—Protests 42246–K, etc., of Capitol Wholesale Grocery Co., Inc., et al. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of Locatelli v. United States (T. D. 48284) it was held that an allowance

501

of 2½ percent should have been made in the weight of the cheese to compensate for the inedible coverings.

**No. 45161.**—Protests 39774–K, etc., of A. Geraldi et al. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Locatelli* v. *United States* (T. D. 49302 and T. D. 49389) it was held that an allowance of 2½ percent on some items and 1 percent on others should have been made in the weight of the cheese to compensate for the inedible coverings.

**No. 45162.**—Protests 41941–K, etc., of Gus Sclafani et al. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Locatelli* v. *United States* (T. D. 49302 and T. D. 49389) it was held that an allowance of 2½ percent on some items and 1 percent on others should have been made in the weight of the cheese to compensate for the inedible coverings.

**No. 45163.**—Protests 38598–K, etc., of John Alban & Co., Inc., et al. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Locatelli* v. *United States* (T. D. 48284 and T. D. 49389) it was held that an allowance of 2½ percent on some items and 1 percent on others should have been made in the weight of the cheese to compensate for the inedible coverings.

**No. 45164.**—Protests 42602–K, etc., of George Ehlenberger & Co., Inc., et al. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of Abstract 41794 it was held that an allowance of 1 percent should have been made in the weight of the cheese to compensate for the inedible coverings.

**No. 45165.**—Protest 23398–K of C. L. Powell Co. (Boston).

Opinion by KEEFE, J. From an examination of the papers the court was unable to find anything sufficient to overcome the presumption of correctness attaching to the collector's action. The protest was therefore overruled.

**No. 45166.**—Protest 17458–K of Hiram Walker & Son, Inc. (San Francisco).

Opinion by KEEFE, J. From an examination of the papers the court was unable to find anything sufficient to overcome the presumption of correctness attaching to the collector's action. The protest was therefore overruled.

**No. 45167.**—Protests 22169–K, etc., of Mattoon & Co. et al. (San Francisco).